UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

NICOLE MANCINI,

    Plaintiff,

v.

THE SCHOOL BOARD OF BROWARD
COUNTY, FLORIDA

    Defendant.
_____/

## COMPLAINT

Plaintiff Nicole Mancini ("Mancini") sues The School Board of Broward County, Florida ("School Board"), and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 2617. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

2. This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202, Art. V, § 5(b) of the Florida Constitution, and § 119.11 of the Florida Statutes

3. At all times material hereto, Mancini was a covered employee under the Family and Medical Leave Act, 29 U.S.C. 2601 et. seq ("FMLA") because the School Board employed her for at least 12 months and at least 1,250 hours during the 12-month period prior to her request for leave.

1

4. The School Board is a governmental agency located in Ft. Lauderdale, Florida, and is responsible for the administration of the public schools in Broward County, Florida.

5. The School Board is a covered employer as defined by FMLA because the School Board, separately or collectively, employed over 50 employees in 20 or more workweeks in the current or preceding calendar year.

6. Venue is proper in this District because the causes of action alleged herein arose out of actions or conduct occurring in this District.

7. All conditions precedent have been satisfied, performed, or waived including all pre-suit notices.

## FACTUAL ALLEGATIONS PERTAINING TO FMLA CLAIMS

8. At all times material hereto, the School Board employed Mancini as the Chief Academic Officer ("CAO").

9. In over 23 years of employment, Mancini never received any form of reprimand for performance or for failure to comply with any School Board policies, rules, or procedures.

10. In over 23 years of employment, Mancini received satisfactory or higher marks on her annual performance reviews.

11. The School Board demanded maximal output from employees with minimal support and created a culture that prioritized non-stop work over physical well-being.

12. In October of 2022, Mancini had surgery and went back earlier than she was supposed to because of the work the School Board required her to perform.

13. Mancini's relentless work ethic and unwavering commitment to the School Board and students, coupled with the lack of adequate resources and support, began to cause severe physical manifestations of stress.

14. In January of 2023, Mancini had to be hospitalized because of stress-related blood pressure issues.

15. Thereafter, Mancini's doctors informed her that she had two choices: 1) Take time off; or 2) Continue working and suffer a heart attack or stroke.

16. On March 27, 2023, Mancini requested FMLA leave.

17. Interim Superintendent Earlean Smiley ("Smiley") did not have authority to deny Mancini's FMLA leave, but harbored animosity toward Mancini for taking time off for personal health reasons and prioritizing her health over work.

18. The School Board approved Mancini's FMLA leave on April 19, 2023.

19. While Mancini was out on FMLA leave, Mancini was repeatedly contacted for work-related issues.

20. Within a few weeks of her request for FMLA leave, Smiley who had control over the terms and conditions of Mancini's employment, proposed the elimination of Mancini's position from the School Board's organization chart.

21. On May 2, 2023, the School Board voted to reject Smiley's proposal to eliminate Mancini's position.

22. Shortly thereafter, Smiley non-renewed Mancini's contract as CAO while Mancini was out on FMLA leave, effectively terminating Mancini while on FMLA leave.

23. Smiley had the authority from the School Board to non-renew Mancini's appointment without approval from the board members.

24. Smiley's decision was not reviewable by the Board and not appealable by Mancini.

25. Smiley appointed a less qualified person making the same or more money than Mancini to replace her.

26. Mancini was not returned to her position as Chief Academic Officer at the end of her FMLA leave and was constructively discharged through the termination of her access privileges to multiple platforms and systems.

**FACTUAL ALLEGATIONS PERTAINING TO PUBLIC RECORDS ACT CLAIMS**

27. This action is to enforce the provisions of Chapter 119 of the Florida Statutes (Florida's "Public Records Act") and includes a request for the Court to issue a writ of mandamus, an injunction, and declaratory relief.

28. Defendant is a government agency.

29. At all times material to this lawsuit, the School Board was an "agency" of Broward County, as that term is defined by § 119.011(2) of the Florida Statutes.

30. As an agency of Broward County, the School Board's records are subject to the Public Records Act.

31. On June 26, 2023, Mancini's counsel sent a written public records request via email to the School Board's custodian of records as meant in § 119.011(5) pertaining to her employment with the School Board and the FMLA claims raised in this lawsuit.

32. The records request asked for "public records" as defined by § 119.011(12) of the Florida Statutes.

33. The requested public records existed at the time Defendant received the records request.

34. At all times material to this lawsuit, Mancini has been a "person" "desiring" to inspect and/or copy the requested public records as referenced in § 119.07(1)(a).

35. Mancini has standing to prosecute this lawsuit.

36. Under § 119.07(1)(c) of the Florida Statues, Defendant had a duty to respond to the

records request in good faith.

37. As of the filing of this lawsuit, Defendant has not produced all of the requested, non-exempt public records.

38. Florida law holds that an agency has a ministerial duty to make public records available in response to a proper public records request.

39. At all times material to this lawsuit, Defendant had a ministerial duty to make the records requested available to Mancini in a timely fashion.

40. The Florida Supreme Court has held that the only delay that is permitted by Chapter 119 of the Florida Statues in producing requested public records is the limited reasonable time allowed for the custodian to retrieve the record and delete those portions of the record the custodian asserts are exempt.

41. Florida law holds that an agency's impermissible withholding of records, otherwise required to be disclosed under the public records law constitutes, in and of itself, irreparable injury to the person making the request.

42. Florida law holds that a requestor of public records is irreparably damaged when an agency unjustifiably delays in producing the requested public records because the requestor's constitutional and statutory rights to timely access to the requested records have been violated in that instance.

43. Florida law holds that an agency's unjustified delay in acknowledging a request and producing public records is an unlaw refusal to permit public records to be inspected or copied as meant under § 119.12 of the Florida Statutes.

44. Florida law holds that a delay in responding to a public records request that is caused by an agency's mistake in responding to the public records request is an unjustified delay.

45. Florida law holds that a delay in responding to a public records request that is caused by an agency's ineptitude in responding to the public records request is unjustified delay.

46. As of the date of filing this lawsuit, the limited reasonable time for Defendant to retrieve the requested public records and delete those portions of any requested public record that the custodian asserts are exempt has elapsed.

47. Defendant has had more than a reasonable time to retrieve the requested public records, delete those portions of the requested public record that the custodian asserts are exempt, and produce the requested public records.

48. Defendant's failure to produce the requested public records, after having had more than a reasonable time to retrieve the requested public records and delete those portions of the requested public record that the custodian asserts are exempt, is an unjustified delay, bad faith, and an unlawful refusal to permit a public record to be inspected or coped in violation of Chapter 119 of the Florida Statutes.

## COUNT I
## FMLA INTERFERENCE

Plaintiff realleges paragraphs 1-26 as though fully set forth herein.

49. Mancini exercised her right to 12 work weeks of leave under the FMLA.

50. The School Board granted the 12 work weeks of leave she was entitled to under the FMLA.

51. During the 12-week period of leave, School Board employees harassed and attempted to coerce Mancini into working.

52. Upon completion of her FMLA leave, Mancini intended to return to the position she held prior to her leave.

53. The School Board unlawfully refused to return Mancini to the position she held prior to her leave or to an equivalent position.

54. The School Board's conduct was intentional and malicious and was done with disregard for Mancini's emotional well-being.

55. The School Board's violation of the FMLA was willful and in bad faith. Alternatively, the School Board acted in reckless disregard for Mancini's FMLA rights.

56. Mancini has suffered and continues to suffer damages proximately caused by the School Board's violation of Mancini's FMLA rights.

**WHEREFORE** Plaintiff requests that the Court enter a judgment in her favor as follows:

A. Adjudge and decree that the School Board violated 29 USC 2615;

B. Award damages;

C. Award interest;

D. Award Mancini special damages in the form of loss pension contributions and accumulation;

E. Award Mancini liquidated damages;

F. Award Mancini attorneys' fees and costs pursuant to 29 USC 2615; and

G. Award Mancini any additional relief deemed appropriate by the Court.

## COUNT II
## FMLA RETALIATION

Plaintiff realleges paragraphs 1-26 as though fully set forth herein.

57. Mancini engaged in protected activity by requesting FMLA leave and exercising her rights under the FMLA.

58. The School Board, through Smiley, retaliated against Mancini by attempting to eliminate her position from the organizational chart, non-renewing her contract, and constructively

7

discharging her from her position at the end of her FMLA leave as opposed to restoring her to her position or an equivalent position.

59. A causal connection exists between the exercise of Mancini's rights and the adverse employment actions described herein.

60. The School Board's conduct was intentional and malicious and was done with disregard for Mancini's emotional well-being.

61. The School Board's violation of the FMLA was willful and in bad faith. Alternatively, the School Board acted in reckless disregard for Mancini's FMLA rights.

62. Mancini has suffered and continues to suffer damages proximately caused by the School Board's violation of Mancini's FMLA rights.

**WHEREFORE** Plaintiff requests that the Court enter a judgment in her favor as follows:

A. Adjudge and decree that the School Board violated 29 USC 2615;

B. Award damages;

C. Award interest;

D. Award Mancini special damages in the form of loss pension contributions and accumulation;

E. Award Mancini liquidated damages;

F. Award Mancini attorneys' fees and costs pursuant to 29 USC 2615; and

G. Award Mancini any additional relief deemed appropriate by the Court.

### COUNT III
### PUBLIC RECORDS ACT VIOLATION -
### WRIT OF MANDAMUS

Plaintiff realleges paragraphs 1-7 and 27-48 as though fully set forth herein.

63. Mancini had an established legal right to receive a timely response to her public

records requests and to be given access to inspect the requested records.

64. The School Board's records custodian had an indisputable ministerial duty under Florida law to timely acknowledge Mancini's requests and to permit the requested inspection.

65. Mancini lacks an adequate remedy at law.

66. Mancini is entitled to a writ of mandamus that compels Defendant to produce the requested public records.

67. Mancini has retained the undersigned attorney in this matter and has agreed to pay the undersigned's reasonable attorney's fees, which are recoverable from Defendant pursuant to § 119.12 of the Florida Statutes.

**WHEREFORE**, Plaintiff Nicole Mancini respectfully requests the following:

A. Judgement against Defendant finding that Defendant unlawfully refused to permit public records to be inspected or copied because it failed to timely produce the requested public records as required by public records law;

B. A writ of mandamus requiring a proper response to the records request and requiring the production of the requested public records; and

C. An award of costs and reasonable attorney's fees pursuant to § 119.12 of the Florida Statutes, and any other relief as the Court may deem proper.

## COUNT IV
### PUBLIC RECORDS ACT VIOLATION - INJUNCTIVE RELIEF

Plaintiff realleges paragraphs 1-7 and 27-48 as though fully set forth herein.

68. A clear legal right of Mancini's has been violated.

69. She will suffer irreparable harm if injunctive relief is not granted.

70. Mancini lacks an adequate remedy at law.

71. Mancini is entitled to an injunction that requires Defendant to produce all of the requested public records and enjoins Defendant from violating the public records law in the future.

72. Defendant failed to comply with its ministerial statutory/constitutional duty to respond to the records request and produce requested public records in a timely fashion.

73. Mancini has retained the undersigned attorney in this matter and has agreed to pay the undersigned's reasonable attorney's fees, which are recoverable from Defendant pursuant to § 119.12 of the Florida Statutes.

**WHEREFORE**, Plaintiff Nicole Mancini respectfully requests the following:

A. Judgement against Defendant finding that Defendant unlawfully refused to permit public records to be inspected or copied because it failed to timely produce the requested public records as required by public records law;

B. An injunction that enjoins Defendant from violating the public records law, as it has done in this case, in the future; and

C. An award of costs and reasonable attorney's fees pursuant to § 119.12 of the Florida Statutes, and any other relief as the Court may deem proper.

## COUNT V
## PUBLIC RECORDS ACT VIOLATION - DECLARATORY RELIEF

Plaintiff realleges paragraphs 1-7 and 27-48 as though fully set forth herein.

74. Mancini requests a declaration that the School Board has violated the Public Records Act and that its failure to comply with its obligations necessitated the filing of the instant action.

75. There is a bona fide, actual, present practical need for the declaration.

76. The declaration deals with a present, ascertained, or ascertainable state of facts or

present controversy as to a state of facts.

77. Some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts.

78. Mancini has an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law.

79. All antagonistic and adverse interests are before the court by proper process or class representation.

80. The relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

81. Mancini has retained the undersigned attorney in this matter and has agreed to pay the undersigned's reasonable attorney's fees, which are recoverable from Defendant pursuant to § 119.12 of the Florida Statutes.

**WHEREFORE**, Plaintiff Nicole Mancini respectfully requests the following:

A. Judgement against Defendant finding that Defendant unlawfully refused to permit public records to be inspected or copied because it failed to timely produce the requested public records as required by public records law;

B. An award of costs and reasonable attorney's fees pursuant to § 119.12 of the Florida Statutes, and any other relief as the Court may deem proper.

### DEMAND FOR TRIAL BY JURY

Plaintiff Nicole Mancini hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

By: */s/Alejandro F. Garcia*
Alejandro F. Garcia, Esq.
Florida Bar No. 98505
agarcia@ramhofergarcia.com
Alexis De La Rosa, Esq.
Florida Bar No. 1038679
adelarosa@ramhofergarcia.com
RAMHOFER | GARCIA
75 Valencia Avenue
Suite 1050
Coral Gables, FL 33134
Telephone: (305) 481-9733
Facsimile: (954) 697-0341
*Attorneys for Plaintiff Nicole Mancini*